**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 6, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PATRICIA G. DYE,

      Plaintiff - Appellant,

v.

ERNEST MONIZ, Secretary, U.S.
Department of Energy,

      Defendant - Appellee.

No. 16-2024
(D.C. No. 1:14-CV-01000-JAP-GBW)
(D. N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **LUCERO**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

After Patricia Dye retired from her job with the U.S. Department of Energy
(DOE), she filed a complaint against the DOE under the Rehabilitation Act of 1973
and Title VII claiming DOE discriminated against her because of her disabilities and
subjected her to a hostile work environment. She asks us to reverse the district
court's order granting summary judgment in DOE's favor. Because the undisputed
facts entitled DOE to judgment as a matter of law, we affirm.

_____

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**

Dye worked in Albuquerque, New Mexico as a Physical Scientist in the DOE's Environmental Management (EM) Division from 2002 until her retirement on June 30, 2012. In early 2011, EM announced it planned to move ten employees, including Dye, one hundred miles away, to Los Alamos, New Mexico, as DOE no longer had EM work available in Albuquerque. EM planned to move by January 2012, but the move didn't occur until April 2013. In the interim, EM asked its employees to commute to Los Alamos two to three days a week. Dye immediately told her supervisors she couldn't commute because she has Crohn's disease and Celiac disease, limiting her bowel and digestive functions such that she can't eat one or two days before travel and needs to be near a restroom. Dye traveled to Los Alamos on about six occasions in 2011, says she was given little or no meaningful work to do in Albuquerque, and was told her work needed improvement in her November 2011 performance evaluation.

In March 2012, Dye formally requested a disability accommodation in a letter to her new supervisor, Peter Maggiore, supported by a letter from her doctor. She asked to be assigned to work only at the Albuquerque DOE facility "on work that does not require travel to Los Alamos on a regular or pre-scheduled basis." Aplt. App. at 127. It is undisputed that Dye didn't commute to Los Alamos after this request. At the time, Dye managed a long-term environmental stewardship project of significant importance to EM. Although Maggiore believed that Dye could complete her work on the project in Albuquerque, Dye believed the project might involve

2

travel, so Maggiore immediately reassigned this project after Dye's accommodation request.

Maggiore then assigned Dye oversight of a project in Albuquerque that involved transferring an environmental database. But when Dye said she didn't feel qualified to handle that project, Maggiore assigned her several other short and long-term projects she could perform in Albuquerque.[1] Dye doesn't dispute that Maggiore gave her preferential consideration on all work in Albuquerque. Instead, she asserts he didn't give her meaningful work, nor enough work to keep her busy. Dye also alleges Maggiore told her she would likely be placed on a performance improvement plan (PIP) on her next evaluation. Dye accepted a voluntary early retirement offer in June 2012, before her next evaluation.

Dye alleges DOE retaliated against her because of her disabilities. She also argues her poor performance evaluation in November 2011, the lack of meaningful work, and the threatened PIP constituted a hostile work environment that forced her to retire. The district court ruled it lacked jurisdiction to consider any claims relating to actions before February 27, 2012, based on when Dye first contacted an Equal

[1] Dye argued before the district court that EM failed to provide a reasonable accommodation for her disabilities. But the district court ruled EM provided precisely the accommodation she requested and Dye doesn't challenge that ruling on appeal. Dye does argue on appeal that a fact issue remains as to whether the work assigned her required travel to Los Alamos. But this argument isn't tethered to any failure-to-accommodate claim. "Scattered statements in [an] appellant's brief are not enough to preserve an issue for appeal." *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1133 n.4 (10th Cir. 2004). It is undisputed that Dye never traveled to Los Alamos after March 2012, and she has waived her failure-to-accommodate claim on appeal. Thus, this factual dispute doesn't present a genuine issue of material fact relevant to any issue on appeal.

3

Employment Opportunity (EEO) Counselor about her claims. The court also ruled Dye didn't present evidence that EM took any retaliatory action against her or that she experienced a hostile work environment. Finally, it ruled the undisputed evidence shows Dye wasn't forced to resign, but did so voluntarily.

## DISCUSSION

We review the district court's decision granting Dye's motion for summary judgment de novo, applying the same legal standard as the district court and viewing the evidence in the light most favorable to the non-moving party. *Zisumbo v. Ogden Reg'l Med. Ctr.*, 801 F.3d 1185, 1196 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 1660 (2016). "Summary judgment is appropriate when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986).

**We lack jurisdiction to consider claims outside the limitations period**.

Federal courts don't have jurisdiction to review Rehabilitation Act or Title VII claims that weren't timely exhausted. *See Woodman v. Runyon*, 132 F.3d 1330, 1341 (10th Cir. 1997). As a federal employee, Dye was required to exhaust her administrative remedies by contacting an EEO Counselor within 45 days of any alleged discriminatory action. 29 C.F.R. § 1614.105(a)(1). Dye first contacted an EEO Counselor on April 12, 2012. The district court therefore ruled it lacked

4

jurisdiction to consider any claims based on conduct occurring prior to February 27, 2012. It rejected Dye's argument that DOE's actions in 2011 and 2012 were part of a continuing hostile work environment such that all of her claims were exhausted.

On appeal, Dye argues the district court should have applied a continuing violation exception, citing cases published prior to 2002 which held a discrimination claim could be based on acts occurring outside a limitations period if those acts were part of a continuing pattern of discrimination. But in 2002, the Supreme Court ruled that the continuing violation doctrine doesn't apply to discrimination and retaliation employment claims. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). The Court held, however, that the doctrine can apply to a hostile work environment claim, so long as one part of that claim occurred within the limitations period. *Id*. at 117. Here, Dye points to evidence that DOE didn't give her meaningful work, gave her a negative job evaluation in November 2011, and threatened a PIP. She contends that evidence is sufficient to show a hostile work environment, which led to her constructive discharge.

A hostile work environment is a workplace "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." *Id*. (internal quotation marks omitted). To establish a hostile work environment, Dye must show that a reasonable person, not just her, would find the work environment was hostile and abusive. *See Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 957

5

(10th Cir. 2012) (holding the applicable test for a hostile work environment is both objective and subjective).

None of the actions Dye complains of here are objectively offensive. Dye wasn't subjected to any offensive remarks, intimidation, ridicule, insult, physical threats or humiliation. *See Trujillo v. Univ. of Colo. Health Scis. Ctr.*, 157 F.3d 1211, 1214 (10th Cir. 1998) (finding no hostile work environment under similar circumstances). And there is no evidence that her negative job evaluation in November, the work assignments offered her, or the threatened negative performance evaluation, alone or cumulatively, altered the conditions of her employment. In sum, Dye wasn't subjected to an ongoing hostile work environment. Thus, she is foreclosed from asserting any claims based on conduct that occurred prior to February 27, 2012.

**Dye didn't suffer any materially adverse employment action**.

As to her exhausted claims, Dye argues the district court erred in ruling she didn't present evidence of a materially adverse employment action to support her claim that DOE retaliated against her for seeking a disability accommodation.[2] The Rehabilitation Act governs Dye's claims because she is a federal employee, but we apply the same standards we use to review disability retaliation claims brought under

---

[2] Dye doesn't challenge the district court's ruling that she failed to present evidence of an "adverse employment action" to support her disability discrimination claim. *See E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1040 (10th Cir. 2011) ("Only acts that constitute a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits will rise to the level of an adverse employment action." (brackets and internal quotation marks omitted)).

6

the Americans with Disabilities Act. *Jarvis v. Potter*, 500 F.3d 1113, 1125 (10th Cir. 2007). To go forward with her retaliation claim, Dye must initially show that she engaged in protected opposition to discrimination, and, as a result, suffered "materially adverse" action, that is, action "that would dissuade a reasonable worker" from engaging in protected activity. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks omitted). Requests for reasonable accommodation are protected activity. *Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1194 (10th Cir. 2007). Dye also must show "that a causal connection existed between the protected activity and the materially adverse action." *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1208 (10th Cir. 2007) (internal quotation marks omitted).[3]

"Acts that carry a significant risk of humiliation, damage to reputation, and a concomitant harm to future employment prospects" may be considered materially adverse actions, but "a mere inconvenience or an alteration of job responsibilities will not suffice." *Reinhardt v. Albuquerque Pub. Sch. Bd. of Educ.*, 595 F.3d 1126, 1133 (10th Cir. 2010) (internal quotation marks omitted). A work assignment must result in material injury or harm to be actionable as retaliation. *McGowan v. City of Eufala*, 472 F.3d 736, 743 (10th Cir. 2006). And employees must show "*material adversity* because . . . it is important to separate significant from trivial harms."

---

[3] If a plaintiff satisfies this initial burden, the employer may then offer a legitimate, non-retaliatory reason for its decision. *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 998 (10th Cir. 2011). The plaintiff must then show that the employer's reason was a mere pretext for retaliation. *Id*. at 988-99.

*Burlington*, 548 U.S. at 68. The inquiry as to whether actions are materially adverse is an objective one—that is, whether a reasonable person would be have been dissuaded from engaging in protected activity—and is "not based on a plaintiff's personal feelings." *Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 638 (10th Cir. 2012) (internal quotation marks omitted).

To support her claim of a materially adverse action, Dye points to evidence that she was given little or no work, given work outside her area of expertise and threatened with a PIP. But Dye points to no evidence suggesting that her decreased job responsibilities affected her salary, harmed her professional development or job prospects, or disadvantaged her in any way. Under these circumstances, we agree with the district court that no reasonable jury would conclude Dye suffered a materially adverse action. *See Stover v. Martinez*, 382 F.3d 1064, 1075 (10th Cir. 2004) (holding that similar circumstances didn't constitute a materially adverse action for purposes of a retaliation claim).

**Dye wasn't constructively discharged**.

Finally, as we discussed in rejecting Dye's hostile-work-environment theory, Dye presented insufficient evidence to show that her work conditions were so intolerable that a reasonable person in her position would feel forced to resign. Rather, as the district court found, the undisputed evidence shows Dye chose to retire. Thus, she failed to establish a constructive discharge. *See, e.g.*, *Yearous v. Niobrara Cty. Mem'l Hosp.*, 128 F.3d 1351, 1356-57 (10th Cir. 1997) (recognizing

that evidence of difficult or unpleasant conditions is insufficient to establish constructive discharge).

Affirmed.

Entered for the Court

Nancy L. Moritz
Circuit Judge